# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

          Case No. 21-00173-02-CR-W-BCW

JENNIFER GOODSPEED,

          Defendant.

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's Office ("USAO") for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Teresa A. Moore, United States Attorney, and Catherine A. Connelly, Assistant United States Attorney, and the defendant, Jennifer Goodspeed ("the defendant"), represented by Chase Higinbotham, Attorney at Law.

The defendant understands and agrees that this plea agreement is only between her and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count Two of the Superseding Indictment charging her with a violation of 18 U.S.C. §§ 2252(a)(2), that is Attempted Distribution of Child Pornography over the Internet. By

entering into this plea agreement, the defendant admits that she knowingly committed the offense charged and is in fact guilty of the offense.

    **3.**   **Factual Basis for Guilty Plea.**   The parties agree that the facts constituting the offense to which the defendant is pleading guilty include the following:

On or about February 29, 2012, the date being approximate, in the Western District of Missouri and elsewhere, the defendant, Jennifer Goodspeed, using any means or facility of interstate or foreign commerce, knowingly attempted to distribute a visual depiction that had been shipped and transported in or affecting interstate and foreign commerce by any means including by computer, and the visual depiction contained material which had been shipped and transported in interstate and foreign commerce by any means including by computer; and the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

Specifically, an undercover investigation instituted by the FBI Criminal Investigative Division in 2021 identified an account (Target Account) on Social Media Site A, a social media file sharing platform, which was knowingly accessing, importing, and maintaining one or more video files which depicted the sadistic sexual exploitation, torture, and abuse of a toddler. Administrative subpoenas and open-source online database searches revealed the Target Account was linked to the defendant's Gladstone, Missouri address during the period of user activity.

On June 16, 2021, at approximately 1:00 pm Central Time, the FBI executed federal search warrants for the defendant's residence. The defendant was present along with her husband and co-defendant, Joshua Goodspeed. During the search, an Apple iPhone cell phone was recovered

2

from Joshua Goodspeed's person. The Apple iPhone was identified as an 11Pro Max, model D431AP, with serial number: G6TCTAHWN70L.

FBI Task Force Officers (TFO's) interviewed Joshua Goodspeed. He admitted that he and the defendant took nude pictures of Minor Victim 1 (MV1) and Minor Victim 2 (MV2). He also took his own nude photos of MV1 and MV2. He explained it was possible some of the photos remained on one of his laptop computers. He could not recall details of the photos but did recall taking a photo depicting the MV's bending over while unclothed.

Joshua Goodspeed identified the seized Apple iPhone as the primary electronic device he used to connect to the Internet. He admitted he currently primarily used his iPhone to obtain child pornography (CP), and he was in the process of uninstalling all the phone applications associated with CP when investigators located him in the bathroom of the residence. He has been involved with CP since about 2006 or 2007 and used several different social media platforms and programs to share and receive CP over the years. He admitted he created the Target Account to access CP. He currently used Telegram[1] to obtain CP. He used the files for self-gratification at times. He also explained it was likely CP would be located on other devices he possessed.

At approximately 2:00 pm Central time on June 16, 2021, FBI TFO's interviewed the defendant. She told investigators she moved into the Gladstone residence with Joshua Goodspeed in January 2012. He confided to her early on in their relationship that he struggled with child pornography and had a sexual interest toward minor females. He showed her CP depicting children around the age of ten years old in 2012. Around the same timeframe, the defendant

---

[1] Telegram is a free and open source, cross-platform, cloud-based instant messaging software. The service also provides end-to-end encrypted video calling, VoIP, file sharing and several other features.

3

and Joshua Goodspeed took photos of MV1 and MV2 and "shared" them. MV1 was 8-9 years old at that time and MV2 was approximately four years old. The defendant further stated the photos were taken at the Gladstone residence. The photos depicted MV1's buttocks and vagina and MV1 kissing Jennifer. At times, the defendant would send some of the photos to Joshua Goodspeed via cell phone or email while he was traveling. On occasion, Joshua Goodspeed took photos of himself ejaculating and/or masturbating on the photos and sent them back to her.

In addition to Joshua Goodspeed's Apple iPhone, TFO's also seized his HP laptop, model D43AP, serial number:5CB4024C8N and one Seagate external hard drive, serial number: NA1Q2GA9. During a forensic search of these items, hundreds of CP files were located. Some of the photos produced by the defendant and Joshua Goodspeed were located. In addition, a photo was observed that depicted a penis near the photo of MV1's face while she was naked. Additional photos captured a substance most likely to be semen on digital photos located on a phone or computer screen.

Following is a brief description of some of the images observed:

**Photo #1, IMG_1669** - depicts the defendant, MV1 and MV2 turned away from the camera in front of bathroom mirror. They are wearing towels but the towels are pulled up exposing their bare buttocks. The date stamp is 1/21/12.

**Photo #2, IMG_2004** - depicts MV1 positioned on her knees and leaning forward. She is nude and her right hand is on her buttocks appearing to spread her buttocks apart depicting a lascivious exhibition of her genitals. The date stamp is 2/29/2012.

**Photo #3, IMG_2718** - depicts the defendant and MV1 embracing each other. They are topless and puckering their lips toward each other. The date stamp is 3/12/12.

**Photo #4, IMG_2711** – depicts MV1 naked and kneeling on her hands and knees. MV1 is smiling toward the camera. The date stamp is 3/12/12.

**IMG_2710** – is a variation of IMG_2718 with the end of an adult male penis positioned near MV1 puckered lips. The date stamp is 3/12/12.

4

**The following photographs/videos were identified as variations of Photo #2, IMG 2004:**

**IMG_2001** - Image depicted in IMG-2004 with the addition of the end of a male penis near MV1's genitals. The date stamp is 2/29/12.

**IMG_2002** - Same as IMG_2001 with semen on the end of the penis. The date stamp is 2/29/12.

**IMG_2003** - It is a 0:44 second video of an adult male masturbating and ejaculating over the visible photo depicted in IMG 2004 which is displayed on a cell phone. A male's voice which is recognized as the defendant's is heard saying "Oh, Jennifer." The date stamp is 2/29/12.

On June 22, 2021, the defendant reviewed the photographs noted above and confirmed they depicted MV1 and MV2 either together or apart. In addition, the defendant identified image IMG_2004 as an image she sent to Joshua Goodspeed on February 29, 2012. This image depicts MV1 positioned on her knees and leaning forward. She is nude and her right hand is on her buttocks appearing to spread her buttocks apart depicting a lascivious exhibition of her genitals. Attempted distribution of this image was charged as Count Two in the Superseding Indictment.

Joshua's Goodspeed's Apple iPhone, HP laptop, model D43AP, serial number:5CB4024C8N and one Seagate external hard drive, serial number: NA1Q2GA9 which were used in furtherance of the offenses and were seized pursuant to a federal search warrant were manufactured outside the state of Missouri and had therefore traveled in interstate or foreign commerce.

4. **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining her guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the

5

Superseding Indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which she is pleading guilty.

5. **Statutory Penalties.** The defendant understands that upon her plea of guilty to Count Two of the Superseding Indictment charging her with Attempted Distribution of Child Pornography over the Internet, in violation of 18 U.S.C. §§ 2252(a)(2), the minimum term of imprisonment the Court must impose is five (5) years of imprisonment, and the maximum term of imprisonment the Court may impose is twenty (20) years' imprisonment, a $250,000 fine, from 5 years to Life of supervised release, an order of restitution of not less than $3,000 per victim, a $5,000 special assessment for non-indigent defendants, an additional assessment of not more than $35,000, and a $100 mandatory special assessment, which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class C felony.

The defendant has specifically been advised that a victim in the "**Cindy**" series is petitioning for restitution from every person who received or possessed pictures of their sexual abuse. **The defendant agrees to pay $5,000 in restitution to "Cindy" or $3,000 if she can pay the latter sum within 30 days of the sentencing date.**

The defendant has specifically been advised that a victim in the "**Vicky**" series is petitioning for restitution from every person who received or possessed pictures of their sexual abuse. **The defendant agrees to pay $5,000 in restitution to "Vicky" or $3,000 if she can pay the latter sum within 30 days of the sentencing date.**

The defendant has specifically been advised that a victim in the "**BluePillow1**" series is petitioning for restitution from every person who received or possessed pictures of their sexual abuse. **The defendant agrees to pay $5,000 in restitution to "BluePillow1" or $3,000 if she**

6

**can pay the latter sum within 30 days of the sentencing date.**

The defendant has specifically been advised that a victim in the "**BluesPink1**" series is petitioning for restitution from every person who received or possessed pictures of their sexual abuse. **The defendant agrees to pay $5,000 in restitution to "BluesPink1" or $3,000 if she can pay the latter sum within 30 days of the sentencing date.**

The defendant has specifically been advised that a victim in the "**CinderBlockBlue**" series is petitioning for restitution from every person who received or possessed pictures of their sexual abuse. **The defendant agrees to pay $5,000 in restitution to "CinderBlockBlue" or $3,000 if she can pay the latter sum within 30 days of the sentencing date.**

The defendant has specifically been advised that a victim in the "**Jenny**" series is petitioning for restitution from every person who received or possessed pictures of their sexual abuse. **The defendant agrees to pay $5,000 in restitution to "Jenny" or $3,000 if she can pay the latter sum within 30 days of the sentencing date.**

The defendant has specifically been advised that the victim in the "**Marineland1**" series is petitioning for restitution from every person who received or possessed pictures of her sexual abuse. **The defendant agrees to pay $5,000 in restitution to "Marineland1" or $3,000 if she can pay the latter sum within 30 days of the sentencing date.**

The defendant has specifically been advised that the victim in the "**Misty**" series is petitioning for restitution from every person who received or possessed pictures of her sexual abuse. **The defendant agrees to pay $5,000 in restitution to "Misty" or $3,000 if she can pay the latter sum within 30 days of the sentencing date.**

The defendant has specifically been advised that the victim in the "**SweetWhiteSugar**" series is petitioning for restitution from every person who received or possessed pictures of her

7

sexual abuse. **The defendant agrees to pay $5,000 in restitution to "SweetWhiteSugar" or $3,000 if she can pay the latter sum within 30 days of the sentencing date.**

The defendant has specifically been advised that a victim in the "**8Kids**" series is petitioning for restitution from every person who received or possessed pictures of their sexual abuse. **The defendant agrees to pay $5,000 in restitution to "8Kids" or $3,000 if she can pay the latter sum within 30 days of the sentencing date.**

The defendant has specifically been advised that a victim in the "**BEST NECKLACE**" series is petitioning for restitution from every person who received or possessed pictures of their sexual abuse. **The defendant agrees to pay $5,000 in restitution to "BEST NECKLACE" or $3,000 if she can pay the latter sum within 30 days of the sentencing date.**

The defendant has specifically been advised that a victim in the "**Jan_Socks1-3**" series is petitioning for restitution from every person who received or possessed pictures of their sexual abuse. **The defendant agrees to pay $5,000 in restitution to "Jan-Socks" or $3,000 if she can pay the latter sum within 30 days of the sentencing date.**

6. **Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range;

b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

c. in addition to a sentence of imprisonment, the Court may impose a term of supervised release of at least five years up to life on each count; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one

8

year is imposed, and in defendant's case, the Court must impose a period of supervised release of at least 5 years;

d.  if the defendant violates a condition of her supervised release, the Court may revoke her supervised release and impose an additional period of imprisonment of up to 2 years without credit for time previously spent on supervised release.   However, pursuant to 18 U.S.C. § 3583(k), if the Court revokes the supervised release because the defendant committed a criminal offense under chapter 109A (sexual abuse offenses occurring on special maritime or territorial jurisdiction of the United States, in violation of 18 U.S.C. §§ 2241-2248), 110 (sexual exploitation and other abuse of children, including child pornography offenses, in violation of 18 U.S.C. §§ 2251-2260A) or 117 (transportation for illegal sexual activity and related crimes, in violation of 18 U.S.C. §§ 2421-2428) or Section 1201 (kidnapping) or 1591 (sex trafficking of children or by force, fraud, or coercion) of Title 18 of the United States Code, the law may allow the Court to impose an additional period of imprisonment of 5 years without credit for time previously spent on supervised release.   In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed life, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

e.  the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

f.  any sentence of imprisonment imposed by the Court will not allow for parole;

g.  the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office;

h.  the defendant may not withdraw her guilty plea solely because of the nature or length of the sentence imposed by the Court;

i.  in the event any federal, state, or local law enforcement agency having custody of property decides not to pursue forfeiture of the property due to its minimal value, including, but not limited to, Apple iPhone, 11Pro Max, model D431AP, with serial number: G6TCTAHWN70L, an HP laptop, model D43AP, serial number:5CB4024C8N and one Seagate external hard drive, serial number: NA1Q2GA9 Model XR, bearing serial number G0NY8EY6KXKN, the defendant hereby abandons any interest she has in such property and consents to the destruction or any other disposition of the property by the federal, state, or local agency without further notice or obligation whatsoever owing to the defendant.

9

7.  **Government's Agreements.**   Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against the defendant for any federal criminal offenses for which it has venue and which arose out of the defendant's conduct investigated in this case. Furthermore, the Government agrees to dismiss Count One after the defendant is sentenced in this case.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement.   If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence.   The defendant expressly waives her right to challenge the initiation of the dismissed or additional charges against her if she breaches this agreement.   The defendant expressly waives her right to assert a statute of limitations defense if the dismissed or additional charges are initiated against her following a breach of this agreement.   The defendant further understands and agrees that if the Government elects to file additional charges against her following her breach of this plea agreement, she will not be allowed to withdraw her guilty plea.

8.  **Preparation of Presentence Report.**   The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct.   This may include information concerning the background, character, and

10

conduct of the defendant, including the entirety of her criminal activities. The defendant understands these disclosures are not limited to the count(s) to which she has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw her plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts her plea of guilty and this plea agreement but subsequently imposes a sentence that the defendant does not expect, like or agree with, she will not be permitted to withdraw her plea of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

    a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range;

    b. The parties agree that, as dictated by U.S.S.G. § 2G2.2 cross reference (c) (1), the applicable Guidelines section for distribution of child pornography in this instance is U.S.S.G. § 2G2.1, which provides for a base offense level of 32;

11

c.  The parties further agree that because the offense involved a minor who had not yet attained the age of 12 years, the base offense level is enhanced 4 levels, pursuant to U.S.S.G. § 2G2.1(b)(1);

d.  The parties further agree that because the defendant knowingly engaged in distribution, the offense level is enhanced 2 levels pursuant to U.S.S.G. § 2G2.1(b)(3);

e.  The parties further agree that because the defendant was a parent of a minor involved in the offense, the offense level is enhanced 2 levels, pursuant to U.S.S.G. § 2G2.1(b)(5);

f.  The parties further agree that because the offense involved the use of a computer, the offense level is enhanced 2 levels, pursuant to U.S.S.G. § 2G2.2(b)(6);

g.  The parties further agree that the defendant is entitled to a 3-level Mitigating Role decrease, pursuant to U.S.S.G. § 3B1.2;

h.  The parties further agree that a 2-level enhancement is applicable under U.S.S.G. § 3D1.4;

i.  The defendant has admitted her guilt and clearly accepted responsibility for her actions and has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.  Therefore, she is entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and her pretrial release; or (2) attempts to withdraw her guilty plea, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility;

j.  There is no agreement between the parties regarding the defendant's criminal history category.  The parties agree that the Court will determine the defendant's applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

k.  The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does not bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels.  Additionally, the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw her plea of guilty;

12

l.    The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment). The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed and waives any right to have those facts alleged in the Superseding Indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay;

m.    The defendant understands and agrees that the factual admissions contained in Paragraph 3 of this plea agreement, and any admissions that she will make during her plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement; and

n.    The parties agree that at sentencing neither party will request a sentence below 60 months (5 years) or above 96 months (8 years). The defendant understands that the agreement by the parties is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range.

**11.   Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12.   Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

13

**13.** **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

    a.    Oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b.    Comment on the evidence supporting the charges in the Superseding Indictment;

    c.    Oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

    d.    Oppose any post-conviction motions for reduction of sentence, or other relief.

**14.** **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that she has been advised of, understands, and knowingly and voluntarily waives the following rights:

    a.    The right to plead not guilty and to persist in a plea of not guilty;

    b.    The right to be presumed innocent until her guilt has been established beyond a reasonable doubt at trial;

    c.    The right to a jury trial, and at that trial, the right to the effective assistance of counsel;

    d.    The right to confront and cross-examine the witnesses who testify against her;

    e.    The right to compel or subpoena witnesses to appear on her behalf; and

    f.    The right to remain silent at trial, in which case her silence may not be used against her.

The defendant understands that by pleading guilty, she waives or gives up those rights and that there will be no trial. The defendant further understands that if she pleads guilty, the Court

14

may ask her questions about the offense or offenses to which she pleaded guilty, and if the

defendant answers those questions under oath and in the presence of counsel, her answers may

later be used against her in a prosecution for perjury or making a false statement.   The defendant

also understands she has pleaded guilty to a felony offense and, as a result, will lose her right to

possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or

register to vote, hold public office, or serve on a jury.

### 15.   Waiver of Appellate and Post-Conviction Rights.

a.    The defendant acknowledges, understands and agrees that by pleading
guilty pursuant to this plea agreement she waives her right to appeal or collaterally
attack a finding of guilt following the acceptance of this plea agreement, except on
grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

b.    The defendant expressly waives her right to appeal her sentence, directly
or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2)
prosecutorial misconduct; or (3) an illegal sentence.   An "illegal sentence" includes a
sentence imposed in excess of the statutory maximum, but does *not* include less serious
sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of
discretion, or the imposition of an unreasonable sentence.   However, if the United
States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C.
§ 3742(b), the defendant is released from this waiver and may, as part of the
Government's appeal, cross-appeal her sentence as authorized by 18 U.S.C. § 742(a)
with respect to any issues that have not been stipulated to or agreed upon in this
agreement.

### 16.   Financial Obligations.   By entering into this plea agreement, the defendant

represents that she understands and agrees to the following financial obligations:

a.    The Court must order restitution to the victims of the offense to which the
defendant is pleading guilty.   Under 18 U.S.C. § 2259(b)(2)(B), such an award shall
not be less than $3,000 per victim.   Under 18 U.S.C. § 3663(a)(3), the defendant
agrees that the Court shall also order restitution, in an amount determined by the Court
but again not less than $3,000 per victim, to victims depicted in all other child
pornography images or videos possessed or trafficked by the defendant arising from
the investigation of this case which the Government has agreed not to charge pursuant
to this plea agreement regardless of whether any such conduct falls within the offense
of conviction.   Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not

15

to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

b. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

c. The defendant will fully and truthfully disclose all assets and property in which she has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

d. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

e. The defendant hereby authorizes the USAO to obtain a credit report pertaining to her to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

f. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $100 for each count by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of her fulfillment of this obligation at the time of sentencing.

g. The defendant understands that a separate Special Assessment of $5,000 under 18 U.S.C. § 3014, will be imposed as part of the sentence in this case should the Court determine that the defendant is not indigent. This Special Assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from this case.

h. The defendant understands that an additional assessment of not more than $35,000 will be imposed under 18 U.S.C. § 2259A(a)(3) as part of the sentence in this case. Under 18 U.S.C. § 2259A(d)(2), the imposition of this assessment does not relieve the defendant of, or entitle her to reduce, the amount of any other penalty by the amount of the assessment.

16

i.  The defendant certifies that he has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations.  Moreover, the defendant promises that she will make no such transfers in the future.

j.  In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets.  The defendant agrees not to contest any collection of such assets.  In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

17.  **Sex Offender Registration**.  The defendant understands that by pleading guilty, she will be required to register as a sex offender upon her release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).  The defendant also understands that, independent of supervised release, she will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout her life.  The defendant understands that she shall keep her registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information, including international travel.  The defendant shall comply with requirements to periodically verify in person her sex offender registration information.  The defendant understands that she will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements in whatever state she resides following release from prison, and she will be subject to the registration requirements of that state.  The defendant further understands that, under 18 U.S.C. § 4042(c),

17

notice will be provided to certain law enforcement agencies upon her release from confinement following conviction.

As a condition of supervised release, the defendant shall initially register with the state sex offender registration agency in the state in which she is released and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update her registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

18. **Waiver of FOIA Request.** The defendant waives all of her rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

19. **Waiver of Claim for Attorney's Fees.** The defendant waives all of her claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

20. **Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States

18

will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw her plea of guilty.

The defendant also understands and agrees that in the event she violates this plea agreement, all statements made by her to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by her before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against her in any and all criminal proceedings. The defendant waives any rights that she might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by her subsequent to this plea agreement.

21. **Defendant's Representations.** The defendant acknowledges that she has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that she is satisfied with the assistance of counsel, and that counsel has fully advised her of her rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce her to enter her plea of guilty.

22. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

**23.**   **Standard of Interpretation.**   The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings.   The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

Teresa A. Moore
United States Attorney

Dated: 3/7/23

Catherine A. Connelly
Assistant United States Attorney

I have consulted with my attorney and fully understand all my rights with respect to the offenses charged in the Superseding Indictment.   Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines.   I have read this plea agreement and carefully reviewed every part of it with my attorney.   I understand this plea agreement and I voluntarily agree to it.

Dated: 03-09-2023

Jennifer Goodspeed
Defendant

I am defendant Jennifer Goodspeed's attorney.   I have fully explained to Jennifer Goodspeed her rights with respect to the offenses charged in the Superseding Indictment. Further, I have reviewed with her the provisions of the Sentencing Guidelines which might apply in this case.   I have carefully reviewed every part of this plea agreement with her.   To my knowledge, Jennifer Goodspeed's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 03-09-2023

Chase Higinbotham
Attorney for Defendant, Jennifer Goodspeed

20