**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JENNIFER GOODSPEED,

    Defendant.

Case No. 21-00173-02-CR-W-BCW

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW, the United States of America, by and through Teresa A. Moore, United States Attorney, and Catherine A. Connelly, Assistant United States Attorney, and respectfully submits this sentencing memorandum. Goodspeed has not yet filed her sentencing memorandum however the Government anticipates she will argue for a sentence of 60 months, the low end of the guideline range of 60-96 months agreed to by the parties in the plea agreement. For the reasons set forth below, and under the factors set out in 18 U.S.C. § 3553(a), the Government respectfully recommends that the defendant, Jennifer Goodspeed, be sentenced to 96 months' imprisonment, to be followed by a 10-year term of supervised release. The Government also asks the Court to impose the $100 Special Assessment on Count 2 under 18 U.S.C. § 3013, consider imposition of a separate Special Assessment of $5,000 under 18 U.S.C. § 3014 and an additional assessment of not more than $35,000 under 18 U.S.C. § 2259A(a)(3).

## I. BACKGROUND

### A. The Charges and the Plea

On October 5, 2021, a federal grand jury returned a Superseding Indictment charging Goodspeed with conspiracy to produce child pornography, in violation of 18 U.S.C. §§ 2251(a)

and (e) (Count 1), and attempted distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count 2). (D.E. 22.) On March 9, 2023, Goodspeed entered a change of plea to Count Two of the Superseding Indictment. As noted above, the terms of the plea agreement demanded that neither party will request a sentence below 60 months or above 96 months imprisonment. (D.E. 52.)

**B.      The Presentence Investigation Report and the Guidelines Calculations**

The facts agreed to in the written plea agreement (PA at ¶ 3), are again recited in the subsequent court-ordered Presentence Investigation Report (hereafter PSR, DCD 54.)[1] and remain uncontested by Goodspeed.

The PSR calculated a total offense level of 39. Based on this total offense level, and a criminal history category of I, the Guidelines calculation is 262 months – 327 months. However, because Count Two requires a statutory maximum custody sentence of not more than 240 months, the Guideline imprisonment range now stands at 240 months. (PSR ¶ 98.) Goodspeed objected to the PSR's failure to recommend she receive a 3-level mitigating role decrease pursuant to U.S.S.G. 3B1.2. The plea agreement anticipated this decrease would be applied. (PA at ¶ 10).

In the event this Court sustains defendant's objection the following changes to the PSR calculations would result: **PSR ¶¶ 41, 50**, Adjustment for Role in the Offense: -3 points; **PSR ¶¶ 43**,52 Adjusted Offense Level: 37; **PSR ¶ 56**, Combines Offense Level: 39. **PSR ¶ 60** Total Offense Level: 36. **PSR ¶75**, Criminal History Category: 1. **Guideline Range: 188-235 months imprisonment.**

The Government recognizes that the decision to deny an adjustment for Role in the Offense was based on the Government discovery file and court proceedings. Further, the Government

---

[1] DCD refers to docket entry report number.

acknowledges that the court is not bound by the parties' agreement. However, the Government feels bound by the terms of the agreement and asks the Court to sentence accordingly.

## II. GOVERNMENT'S SENTENCING RECOMMENDATIONS

In fashioning a sentence, the court is required to consider the nature and circumstances of the offense of the conviction, and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The Court must also examine the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2), (A) and (C). Finally, the court is also required to consider the sentencing range recommended by the advisory United States Sentencing Guidelines. 18 U.S.C § 3553(a)(3) and (a)(4). All of these factors support a sentence of 96 months, to be followed by a ten-year term of supervised release.

**18 U.S.C. § 3553(a) Factors**

### A. § 3553(a)(1): The Nature and Circumstances of the Offenses and the History and Characteristics of the Defendant

The facts underlying Goodspeed's offense are noted in the plea agreement and the PSR. (PA at ¶ 3, PSR ¶ 2-27).

Goodspeed's conduct reflects a willingness to exploit her minor children to satisfy her own personal needs. She has demonstrated that she deserves a lengthy term of imprisonment.

### B. The Need for the Sentence Imposed to –

### § 3553(a)(2)(A): Reflect Seriousness of the Offenses, Provide Just Punishment, and Promote Respect for the Law

Goodspeed has admitted to attempting to distribute images of the sexual abuse of children. The Supreme Court has noted the following about the seriousness of child pornography offenses,

3

and the additional harm wrought upon victims by the dissemination of their images over the Internet:

> Three decades ago, this Court observed that "the exploitive use of children in the production of pornography has become a serious national problem." *New York v. Ferber*, 458 U.S. 747, 749, 102 S. Ct. 3348, 73 L.Ed.2d 113 (1982). The demand for child pornography harms children in part because it drives production, which involves child abuse. The harms caused by child pornography, however, are still more extensive because child pornography is "a permanent record" of the depicted child's abuse, and "the harm to the child is exacerbated by [its] circulation." *Id.* at 759, 102 S. Ct. 3348. Because child pornography is now traded with ease on the Internet, "the number of still images and videos memorializing the sexual assault and other sexual exploitation of children, many very young in age, has grown exponentially." United States Sentencing Comm'n, P. Saris et al., Federal Child Pornography Offenses 3 (2012) . . .

*Paroline v. United States*, 134 S. Ct. 1710, 1716-17 (2014).

As the Supreme Court has recognized for decades, offenses such as Goodspeed's are serious. Just punishment should also be serious. If the laws against child pornography are to be respected, Goodspeed's punishment should not be *de minimis*.

A sentence of 96 months is what is needed to reflect the seriousness of the offense and all of the attendant relevant conduct by Goodspeed which is known to the court and set out in the PSR. The sentence is within the statutory range. This sentence is a just sentence that will command respect for the law.

### § 3553(a)(2)(B): Promote Adequate Deterrence

As evidenced from the information set forth in the PSR, the defendant put her needs ahead of the care and safety of her minor daughters when she attempted to distribute images of their exploitation. (PSR ¶ 2-27.) The 96-month sentence followed by a ten-year term of supervised release will specifically deter this defendant from committing crimes against additional victims.

4

**§ 3553(a)(2)(C): Protect the Public from Further Crimes of the Defendant**

One can be relatively certain that Goodspeed will be deterred from committing additional child pornography offenses while she is incarcerated, so that a significant sentence will protect the public for at least that period of time.

**§ 3553(a)(2)(D): Provide Training, Medical Care and Treatment to Butcher.**

The Bureau of Prisons is equipped to handle Goodspeed's medical care, sex offender treatment, and a variety of educational and vocational training of which she may want to avail herself.

## III.  <u>CONCLUSION</u>

The nature and circumstances of this case are cause for concern and raise the necessity to vigilantly protect the community from Goodspeed's potential for future criminal activity. Goodspeed's willingness to ignore the welfare of child victims in favor of her own personal needs presents a worrisome prognosis for public safety.

On the other hand, the Government believes that under the known facts a sentence at the Guideline range of 188-235 months, seems outsized for this defendant.   The Government recommends a sentence of 96-months, to be followed by a ten-year term of supervised release.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By     */s/ Catherine A. Connelly*

Catherine A. Connelly
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on July 21, 2023, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

/s/ Catherine A. Connelly
Catherine A. Connelly
Assistant United States Attorney